**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

CARATRON INDUSTRIES, INC.,

    Plaintiff,

v.

Case No. 05-71333
Hon. Gerald E. Rosen

BIRD ELECTRON BEAM CORPORATION,

    Defendant.

_____/

**OPINION AND ORDER DENYING
DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

At a session of said Court, held in
the U.S. Courthouse, Detroit, Michigan
on    September 28, 2007

PRESENT:    Honorable Gerald E. Rosen
                      United States District Judge

## I. INTRODUCTION

Plaintiff Caratron Industries, Inc. commenced this action in this Court on April 6, 2005, seeking to recover against Defendant Bird Electron Beam Corporation on claims of breach of contract, breach of common law implied warranty of workmanlike performance, negligence, and innocent or negligent misrepresentation. The suit arises out of business dealings between Plaintiff, a manufacturer of helicopter gears and other parts, and Defendant, a business which performs electronic beam welding. The nub of Plaintiff's complaint is that Defendant's performance was deficient because it did not comply with certain welding specifications agreed to by the parties.

Through the present motion, Defendant now seeks summary judgment in its favor on the ground that the dispute between the parties purportedly is controlled by a contract which incorporates, by reference, Defendant's "Terms of Sale." These terms provide for an exclusive remedy in the event of defective workmanship — namely, sending the product back to Defendant for replacement or reworking — and require that notice of any defects be given to Defendant within seven months from the date of shipment. Defendant claims that Plaintiff did not comply with the notice provision of the Terms of Sale, and further contends that Plaintiff failed to pursue the sole remedy available to it under the parties' contract. In response, Plaintiff argues that there is an outstanding issue of fact as to whether Defendant ever included its Terms of Sale in any price quote sent to Plaintiff, and that, regardless of whether it did, contract law principles preclude these terms from being viewed as part of the parties' agreement.

Having reviewed the parties' briefs in support of and opposition to Defendant's motion, the accompanying exhibits, and the record as a whole, the Court finds that the relevant facts, allegations, and legal arguments are adequately presented in these written materials, and that oral argument would not aid the decisional process. Accordingly, the Court will decide Defendant's motion "on the briefs." See Local Rule 7.1(e)(2), U.S. District Court, Eastern District of Michigan. For the reasons stated below, the Court finds that this motion must be denied.

## II. FACTUAL BACKGROUND

Plaintiff Caratron Industries, Inc. was hired by a third party, Extex, Inc., to manufacture helicopter gears in accordance with specifications provided by Extex. Part of the manufacturing process involved fusing two parts by electron beam welding in accordance with an industry standard, Aerospace Material Specification ("AMS") 2681. Because Plaintiff does not perform any electron beam welding, it sought a quotation from Defendant Bird Electron Beam Corporation.

Plaintiff first contacted Defendant about providing welding services in March of 1997. On April 2, 1997, Defendant sent Plaintiff a price quotation of $50 per unit for its services. (See Plaintiff's Response, Ex. B.) The quotation, at its bottom, contained a disclaimer that it was "subject to the Terms of Sale on the reverse side hereof, and such Terms are incorporated herein by reference." (Id.) The parties agree that the front side of this price quotation was faxed to Plaintiff, but Plaintiff contends that Defendant never sent, and that Plaintiff never received, the "Terms of Sale" found on the back side of the document.[1]

Although Defendant inexplicably failed to provide a copy of these terms of sale as

---

[1] Through the affidavit of its president, Edward Loiseau, Defendant explains that it has been unable to locate any confirming copies of the price quotations it sent to Plaintiff, "most likely due to a 2003 fire at [Defendant's] facility." (Defendant's Motion, Ex. A, Loiseau Aff. at ¶ 8.) Rather, Defendant apparently relies on a customary practice of using the same form for all of its price quotations. Yet, Mr. Loiseau's affidavit stops short of asserting that Defendant routinely sends out this form, both front and back, in response to requests for quotations, or that Defendant adhered to such a practice in this case. To the contrary, Mr. Loiseau conceded at his deposition that he "wouldn't be sure" whether Defendant faxed both the front and the back of this form to Plaintiff. (Plaintiff's Response, Ex. J, Loiseau Dep. at 16.)

an exhibit to its motion, Plaintiff has done so in its response. The terms of sale expressly state, in their first paragraph, that "[t]his quotation does not constitute a firm offer by the Bird Electron Beam Corporation (herein 'Seller'), but is an invitation for your purchase order," and that "[a]ll purchase orders are subject to final acceptance by Seller." (Plaintiff's Response, Ex. K). Paragraph 10, entitled "Defects," provides:

> A. **Warranty.** Seller warrants to Buyer all of the products sold by it to Buyer for a period of six (6) months from date of shipment against defects in material (but only if Seller furnished such material) and workmanship only. Notice of any claimed defect must be given to Seller within seven (7) months from date of shipment and the right of inspection given Seller while the product is in the claimed defective condition. Seller's sole obligation shall be to replace or rework, at its option and free of charge, any product found defective upon inspection.
>
> B. **Exclusion of Other Warranties.** The foregoing warranty and remedy are tendered and all other warranties, guarantees, or representations, including warranties o[f] merchantability, express or implied, arising out of the work by Seller and the use of its products, and any and all obligations or liabilities of Seller to Buyer or any third party based on tort or other grounds arising out of the work by Seller and the sale, use or possession of Seller's products [sic].

(Id.)[2] Finally, at paragraph 14, the terms of sale provide that "[t]he within-named terms and conditions shall supersede, control, and prevail over any inconsistent or conflicting terms or conditions contained in Buyer's purchase order, and no oral understanding,

---

[2]In its motion and supporting brief, Defendant does not address the concern that subpart B of this paragraph seemingly makes no sense, as it evidently lacks a necessary verb at the end of the sentence that would apprise the reader of the status of "all other warranties, guarantees, or representations . . . , and any and all obligations or liabilities." Defendant evidently believes that this provision operates to *exclude* all other warranties and remedies, but the plain language of the provision lends no support to this view.

agreement or other modification of the terms and conditions set forth herein shall have any force or effect whatever unless confirmed in writing by Seller." (Id.)

On August 26, 1997, Plaintiff sent its first purchase order to Defendant for the welding of 10 gears. (See Plaintiff's Response, Ex. C.) This purchase order stated that by its acceptance, Defendant "agree[d] to be responsible for all work which they are contracted to perform." (Id.) Upon performing the requested welding services, Defendant sent Plaintiff a certification that its work complied with the AMS 2681 standard. (See Plaintiff's Response, Ex. E.)

Plaintiff evidently transmitted two additional purchase orders in April and August of 2001, seeking Defendant's welding services on a total of 38 additional parts.[3] Again, Defendant sent certifications that this work was performed in compliance with the relevant standards agreed to by the parties. (See Plaintiff's Response, Exs. F, G.)

The gears welded by Defendant were shipped to Plaintiff, and subsequently sent to Extex for installation into helicopters. During an FAA inspection in April of 2003, Extex allegedly found evidence of defects in some of the weld joints and agreed to a voluntary recall of the parts provided by Plaintiff. The resulting dispute between Plaintiff and Extex was ultimately settled, but Defendant refused to participate in the settlement process or reimburse any portion of the amount paid by Plaintiff to Extex. This suit

---

[3]In keeping with the rather incomplete state of the record provided for the Court's review, Plaintiff's response is unaccompanied by the purchase orders it sent to Defendant on these two occasions in 2001.

followed, with Plaintiff asserting claims of breach of contract, breach of common law implied warranty of workmanlike performance, negligence, and innocent or negligent misrepresentation.

### III. ANALYSIS

#### A. The Standards Governing Defendant's Motion

Through the present motion, Defendant seeks an award of summary judgment in its favor, evidently on all of the claims advanced in Plaintiff's complaint. Under the pertinent Federal Rule, summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c).

For present purposes, the parties largely agree upon the pertinent facts, and disagree only as to the legal principles that govern their dispute. In particular, the disposition of the present motion turns upon two purely legal questions: (i) whether Plaintiff may be bound by Defendant's "Terms of Sale" despite the absence of evidence that these terms were ever received by Plaintiff, and (ii) if so, whether these terms actually became a part of the parties' agreement. The Court now turns to these questions.

#### B. Defendant's "Terms of Sale" Were Not Incorporated into the Parties' Contract.

In seeking summary judgment in its favor, Defendant argues that its April 2, 1997 price quotation was an "offer" that Plaintiff accepted, along with its referenced "Terms of

6

Sale," when Plaintiff responded with its purchase order of August 26, 1997. Plaintiff contends, however, that summary judgment is inappropriate in light of a factual dispute as to whether Defendant actually sent Plaintiff these terms of sale. Alternatively, Plaintiff argues that Defendant's price quotation does not qualify as an offer, but instead was merely an invitation for *Plaintiff* to make an offer. The Court rejects the former contention, but agrees with the latter.

"Michigan law permits a party to incorporate terms . . . from other writings" into their contracts. Robert Bosch Corp. v. ASC Inc., 195 F. App'x 503, 505 (6th Cir. Sept. 8, 2006); see also Forge v. Smith, 458 Mich. 198, 580 N.W.2d 876, 881-82 (1998).[4] Moreover, "[w]here additional documents or terms are made part of a written contract by reference, the parties are bound by those additional terms even if they have never seen them." Construction Fasteners, Inc. v. Digital Equipment Co., 1996 WL 33348735, at *2 (Mich. Ct. App. Oct. 22, 1996); see also Robert Bosch Corp., 195 F. App'x at 505 (rejecting the defendant's argument that the terms and conditions referenced in the plaintiff's quotations were not a part of the parties' contract because the plaintiff did not receive them and had no notice of them). Indeed,"in a written contract a reference to another writing, if the reference be such as to show that it is made for the purpose of making such writing a part of the contract, is to be taken as a part of it just as though its

---

[4]In its response to Defendant's motion, Plaintiff contends that Michigan law governs the present suit in all respects. Defendant does not argue otherwise but, to the contrary, cites only Michigan case law — to the limited extent that it cites any case law at all — in its brief in support of its motion. Accordingly, the Court, like the parties, will analyze Defendant's motion under the substantive standards of Michigan law.

7

contents had been repeated in the contract." Forge, 580 N.W.2d at 881 n.21 (internal quotation marks, alteration, and citations omitted).

In this case, Defendant's price quotation expressly stated that it was "subject to the Terms of Sale on the reverse side hereof, and such Terms are incorporated herein by reference." (Plaintiff's Response, Ex. B). This declaration unambiguously referred to Defendant's standard terms of sale. That these terms may not have actually been sent to Plaintiff along within the price quotation does not mean that they were not incorporated into the quotation. Consequently, the Court finds that Defendant's motion is not defeated by the absence of evidence that Plaintiff received or otherwise had notice of the terms of sale referenced in Defendant's price quotation.[5]

Yet, Plaintiff's notice (or lack thereof) ultimately is immaterial here because, as Plaintiff correctly observes, Defendant's price quotation is not properly viewed as an

---

[5]The Court notes, however, that Defendant's motion is arguably defeated by a more fundamental flaw. It is well established that Defendant, as the moving party, bears the initial burden of showing the absence of a genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). Yet, as noted earlier, Defendant's terms of sale are nowhere to be found among the materials submitted in support of the present motion. Rather, Defendant relies on the affidavit of its president, Edward Loiseau, in its attempt to demonstrate the absence of a genuine issue of material fact. This affidavit is unhelpful on this point, however, as it makes no reference to, and is unaccompanied by, the purported terms of sale. Instead, Defendant evidently repeats history by including only the *front side* of its price quotation as an attachment to Mr. Loiseau's affidavit.

As a result, Defendant has failed to provide any evidentiary support whatsoever for the portion of its summary judgment brief in which it purports to quote from its terms of sale. (See Defendant's Motion, Br. in Support at 5.) Nonetheless, the Court need not dwell on this omission, where Plaintiff has provided the terms of sale as an exhibit to its response, and where the Court resolves Defendant's motion on another ground.

offer, but rather an invitation for Plaintiff to make an offer. It is a familiar principle that "[b]efore a contract can be completed, there must be an offer and acceptance." Pakideh v. Franklin Commercial Mortgage Group, Inc., 213 Mich. App. 636, 540 N.W.2d 777, 780 (1995). An offer is "a manifestation of one's intent to be bound, stating the essential terms with sufficient specificity that acceptance by another will conclude the bargain." Robert Bosch Corp., 195 F. App'x at 506; see also Restatement (Second) of Contracts § 24. Yet, there is a critical difference between an "offer" and an "invitation to negotiate further." Powell v. Beck, 366 Mich. 627, 115 N.W.2d 317, 319 (1962); see also Mega Air, Inc. v. USA Jet Airlines, Inc., 2002 WL 265899, at *3 (Mich. Ct. App. Feb. 19, 2002).

In this case, one need look no further than Defendant's own terms of sale to confirm that its price quotation was not intended as an "offer." The terms of sale expressly state, in their opening paragraph, that "[t]his quotation ***does not constitute a firm offer*** by the Bird Electron Beam Corporation . . . , but is an ***invitation*** for your purchase order." (Plaintiff's Response, Ex. K (emphasis added).) This language comports with the general understanding that "a 'quotation' is usually considered to invite an offer rather than to make one." Amway Corp. v. Nartron Corp., 1994 WL 736434, at *5 (W.D. Mich. Sept. 23, 1994), see also Restatement (Second) of Contracts § 26 cmt. c (1981); Dyno Construction Co. v. McWane, Inc., 198 F.3d 567, 572 (6th Cir. 1999).

Under these circumstances, the "offers" were the purchase orders invited by Defendant's price quotations and sent by Plaintiff, which Defendant, in turn, accepted

9

through its performance. This conclusion, too, comports with the "general rule" that "orders are considered as offers to purchase." Aaron E. Levine & Co. v. Calkraft Paper Co., 429 F.Supp. 1039, 1048 (E.D. Mich. 1976); see also Majic Window Co. v. Milgard Windows, 2007 WL 2121944, at *2 (E.D. Mich. July 24, 2007). At a minimum, Defendant has not established as a matter of law that the forms exchanged by the parties here were intended to deviate from this general rule. It follows that Defendant cannot rely on the terms of sale referenced in its price quotation as a basis for an award of summary judgment in its favor.[6]

---

[6]Apart from its summary judgment motion, Defendant also has moved for a transfer of venue to the U.S. District Court for the District of Connecticut. To the extent that this motion rests upon the proposition that Defendant did no business in the State of Michigan at the time of the transactions at issue here, Defendant's own price quotations and certifications show that the company most certainly *did* reach out to, and then ship products to, Plaintiff at its principal place of business in Michigan. Next, to the extent that this motion rests upon the purported convenience of witnesses, Plaintiff correctly points out in response that Edward Loiseau appears to be the *only* defense witness who resides in Connecticut, while other witnesses identified by Defendant apparently reside in other New England states and as far away as Arizona. Defendant's showing on this point does nothing to overcome the "substantial deference" that courts give to a plaintiff's choice of forum, "especially where, as here, the plaintiff lives in his chosen jurisdiction," and where Plaintiff has identified a number of witnesses who reside in Michigan. Thomas v. Home Depot, U.S.A., Inc., 131 F. Supp.2d 934, 937 (E.D. Mich. 2001). Accordingly, this motion also must be denied.

## IV. CONCLUSION

For the reasons set forth above,

NOW, THEREFORE, IT IS HEREBY ORDERED that Defendant's motion for summary judgment is DENIED. IT IS FURTHER ORDERED that Defendant's motion to transfer also is DENIED.

s/Gerald E. Rosen
Gerald E. Rosen
United States District Judge

Dated: September 28, 2007

I hereby certify that a copy of the foregoing document was served upon counsel of record on September 28, 2007, by electronic and/or ordinary mail.

s/LaShawn R. Saulsberry
Case Manager
